Barry E. Mallen, Esq. [SBN 120005]
David A. Carnie [SBN 320709]
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
E-Mail: bmallen@laklawyers.com
dcarnie@laklawyers.com

Attorneys for Defendants Jefferson Starship, Inc. and Shiprats, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHAQUICO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON STARSHIP INC., a California corporation; STARSHIP, INC., a California corporation; SHIPRATS, INC., a California corporation; JEFFERSON AIRPLANE INC., a California corporation; AFTERTHOUGHT PRODUCTIONS CORP., a California corporation; SONY MUSIC ENTERTAINMENT DIGITAL, LLC, a CALIFORNIA limited liability corporation  WARNER MUSIC GROUP CORP. DBA RHINO ENTERTAINMENT, a DELAWARE CORPORATION; WARNER MUSIC GROUP CORP dba WARNER-TAMERLANE PUBLISHING CORPORATION, a DELAWARE CORPORATION; WIXEN MUSIC PUBLISHING, INC., a California corporation; STEPHANI THOMSON, EXECUTOR OF ESTATE OF WILLIAM CARL THOMPSON TYRONE THOMPSON, REPRESENTATIVE OF WILLIAM CARL THOMPSON; BILL GRAHAM ARCHIVES, LLC DBA WOLFGANG'S VAULT, a DELAWARE limited liability company; JEFF JAMPOL, an individual; JAMPOL ARTIST MANAGEMENT a California corporation; ALEXANDER KANTNER, SUCCESSOR IN INTEREST TO ESTATE OF PAUL LORIN KANTNER; MICKEY THOMAS, an individual; DAVID FREIBERG, an individual; CATHERINE RICHARDSON, an individual; DONNY BALDWIN, an individual; AND DOES 1-50, INCLUSIVE<br><br>Defendants. | CASE NO. 3:22-CV-04907-RS<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PURSUANT TO F.R.C.P. RULE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       December 15, 2022<br>Time:      1:30 p.m.<br>Courtroom:  3<br><br>Action Filed:  August 26, 2022<br>Trial Date:    None Set |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 15, 2022 at 1:30 p.m., or as soon thereafter as the parties may be heard, in the above-entitled Court located at 1301 Clay Street, Oakland, California, Courtroom 3, before the Honorable Richard Seeborg, United States Chief District Judge, Defendants Jefferson Starship, Inc. and Shiprats, Inc. ("Defendants" or "Moving Parties") will and hereby do move this Court for an order striking certain portions of Plaintiff Craig Chaquico's Complaint pursuant to *Federal Rules of Civil Procedure*, Rule 12(f).

Defendants seek to strike the allegations in Plaintiff's Complaint in paragraphs ¶ 51, and the second prayer for relief for an accounting, which seeks damages from 1996 to the present, on the grounds that Plaintiff's cause of action for an accounting is bound by a four-year statute of limitations as the action is based upon an alleged breach of contract. Consequently, Plaintiff may only go back four years from the date this action was filed, to 2018. Furthermore, Defendants seek to strike the passage at paragraph 52 in which Plaintiff claims he is allegedly owed in excess of $20 million on the grounds that an accounting is equitable in nature and therefore monetary damages are not available.

Defendants' Motion is based on this Notice; the following Memorandum of Points and Authorities; matters of which the Court takes judicial notice; and such oral argument and additional evidence as the Court may permit.

Dated:  October 28, 2022                    LEVINSON ARSHONSKY & KURTZ, LLP


By:  /s/ *Barry E. Mallen*
       Barry E. Mallen
Attorneys for Defendants Jefferson Starship, Inc. and Shiprats, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Craig Chaquico ("Plaintiff") is one of the founding members of the recording group Jefferson Starship which then, in 1985, morphed into the band Starship (collectively, "Band"). In 1991, Plaintiff departed the group Starship and signed a contract terminating his involvement with the Band. The agreement, referenced at ¶32 of the Complaint, provides for Plaintiff to continue to receive his artist royalties on the recordings he performed on, as well as a share of future merchandising income derived from the exploitation of the Jefferson Starship mark, which is owned by Defendant Jefferson Starship, Inc. which, along with Defendant Shiprats, Inc., are the parties to that 1991 contract, which Plaintiff refers to in his Complaint as the "Termination Agreement" (Complaint, ¶32).

In his Complaint, Plaintiff alleges a single cause of action for an accounting. Despite the fact that an accounting is not an independent cause of action, as is addressed in Defendants' accompanying Motion to Dismiss which is filed concurrently herewith, a claim for an accounting either falls under a catch all four-year statute of limitations or, if based on an alleged breach of a written contract, the corresponding statute of limitation, which is also four years. Accordingly, Plaintiff's claim for an accounting has a four-year statute of limitations as the claim for an accounting is predicated on the rights and obligations created by the Termination Agreement. Nevertheless, plaintiff seeks an accounting for the fiscal years 1996 through 2021.

This motion seeks to strike from the Complaint those allegations and claims that seek relief outside the applicable four-year statute of limitations. Specifically, in paragraph 51 of the Complaint, Plaintiff "demands an accounting…for the fiscal years 1996 through 2021" (Complaint, para 51). And then, despite the fact that this purports to be only an action for an accounting, at paragraph 52, Plaintiff claims he is allegedly owed in excess of $20 million (Complaint, para 52). Finally, in the prayer, Plaintiff prays for relief including "payment to Plaintiff of the amounts due from Defendants as a result of the account and interest from and after April 1996 through the present on an amount exceeding $20,000,000."

## II. STATEMENT OF FACTS.

Plaintiff was a member of Jefferson Starship and/or Starship from 1976 until 1991 (Complaint, ¶28). The 1991 Termination Agreement, which is referenced in the Complaint (Complaint, ¶32), was not attached to the Complaint, but is attached to the accompanying Motion to Dismiss as Exhibit 1.

The 1991 Termination Agreement provides how Plaintiff is to be paid royalties in connection with the exploitation of Jefferson Starship recordings, as well as Plaintiff's limited continuing participation in merchandising income. The parties to the Termination Agreement are Plaintiff and Defendants Jefferson Starship, Inc., William Thompson who, though now deceased, was the Jefferson Starship's (and Plaintiff's) former manager, and Shiprats, Inc., an entity which had been controlled by Mr. Thompson.

## III. STANDARD ON A MOTION TO STRIKE UNDER FRCP 12(F).

Rule 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting, *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023 (1994).

"Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "[T]he remedy of striking a pleading is to be used when necessary to discourage parties from raising allegations completely unrelated to the relevant claims and when the interests of justice so require." *Allen v. County of Los Angeles*, 2009 WL 666449, at *2 (C.D. Cal. Mar. 12, 2009).

As one court has stated, Rule 8 "demands conciseness in pleading. Courts will not permit a party to use his pleadings as a dumping ground for that evidence which he may not otherwise be able to present to the trier of the facts." *Budget Dress Corp. v. Int'l Ladies Garment Workers' Union*, 25 F.R.D. 506, 508 (S.D.N.Y. 1959) (striking defenses as scandalous that alleged conspiracies with members of the underworld because they had no bearing on defendants' liability). Rule 12(f) is used to reinforce Rule 8. *Iafrate v. Compagnie Generale Transatlantique*, 12 F.R.D. 71, 72 (S.D.N.Y.

LEVINSON ARSHONSKY & KURTZ, LLP

1951) (striking plaintiff's entire pleading on the basis that it "can in no way clarify matters; it serves only to muddle the case").

Allegations that amount to legal argument and legal conclusions do not belong in a complaint. *Black v. Unum Provident Corp.*, 245 F. Supp. 2d 194, 197-98 (D. Me. 2003); *Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D. Pa. 1993); *see, Jones v. Kern High Sch. Dist.*, 2009 WL 35708 (E.D. Cal. Jan. 6, 2009).

## IV. PLAINTIFF'S CAUSE OF ACTION FOR AN ACCOUNTING IS BOUND BY A FOUR-YEAR STATUTE OF LIMITATION.

As reflected in more detail in the accompanying Motion to Dismiss, the alleged claim for an accounting fails because an accounting is not a separate cause of action. A right to an accounting is derivative, meaning that a valid cause of action is a prerequisite to obtaining an accounting. *See Canales v. Federal Home Loan Mortg. Corp.*, No. CV 11-2819 PSG (VBKx), 2011 WL 3320478, at *8 (C.D. Cal. Aug, 1, 2011); *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908 DOC (ANx), 2012 WL 294936, at *4 (C.D. Cal. Feb. 1, 2012). An accounting is essentially a remedy for other claims because it is derived from a "common nucleus of operative fact." *Worth*, 5 F. Supp. 2d at 823.

The statute of limitations for an accounting varies from case to case. Generally, such an action is governed by the four-year "catch all" statute of limitations. (CCP § 343; *Estate of Peebles* (1972) 27 Cal.App.3d 163, 166.) However, where the primary purpose of an accounting action is to recover money under a contract, the action is treated as a contract action. Thus, if the contract was oral, then a two-year statute of limitations would apply; whereas, a four-year statute of limitations would apply to written contracts. *E.g., Jefferson v. J.E. French Co.* (1960) 54 Cal.2d 717-719 ("the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations.").

Here, Plaintiff seeks an accounting for the fiscal years 1996 through 2021 (Complaint ¶ 51.) Furthermore, in the prayer for relief, Plaintiff seek "Payment to Plaintiff of the amounts due from Defendants as a result of the account and interest from and after April 1996 through the present on an amount exceeding $20,000,000." (Complaint, Prayer For Relief No. 2.) Plaintiff, however, is not

entitled to seek an accounting or damages spanning back to 1996. This case is based upon an alleged breach of contract. Plaintiff alleges that pursuant to the Termination Agreement, he is entitled to certain royalties which he claims he did not receive. (See Plaintiff's Complaint generally.) Accordingly, although Plaintiff does not allege a separate cause of action for breach of contract, it can easily be inferred that that is the basis for this action.

In California, the statute of limitations for breach of contract is either two years (for oral agreements) or four years (for written agreements). *See* California Code of Civil Procedure ("C.C.P.") §§ 339 and 337. Therefore, as this action concerns Defendants' alleged breach of the Termination Agreement, Plaintiff is bound by a four-year statute of limitations. As this case was filed on August 26, 2022, Plaintiff would ordinarily be allowed to seek an accounting and damages dating back to 2018.

## V. AN ACCOUNTING IS EQUITABLE IN NATURE AND THEREFORE MONETARY DAMAGES ARE NOT AVAILABLE.

An accounting is an equitable proceeding which is proper where there is an unliquidated and unascertained amount owing that cannot be determined without an examination of the debits and credits on the books to determine what is due and owing. *St. James Church v. Superior Court* (1955) 135 Cal.App.2d 352, 359, 287 P.2d 387; *Peoples Finance etc. Co. v. Bowman* (1943) 58 Cal.App.2d 729, 734, 137 P.2d 729. Equitable principles govern, and the plaintiff must show the legal remedy is inadequate.

Here Plaintiff's Complaint is contradictory. On the one hand he claims an accounting is necessary because the amount that he is owed cannot be determined. Yet on the other hand he claims in paragraph 52 of the Complaint that he is owed no less than $20 million dollars. The two cannot exist. An equitable claim for an accounting can only exist when the damages cannot be ascertained. Consequently, as Plaintiff's only cause of action is for an accounting, his request for $20 million must be stricken from the Complaint.

## VI. CONCLUSION.

For the aforementioned reasons, Moving Parties respectfully request that this Court strike the allegations in Plaintiff's Complaint in paragraphs ¶¶ 51, 52, and the second prayer for relief. Plaintiff seeks and accounting and damages from 1996 to the present. However, Plaintiff is bound by a four-

year statute of limitations as the action is based upon an alleged breach of contract. Consequently, Plaintiff may only go back four years from the date this action was filed to 2018.

Dated: October 28, 2022                    LEVINSON ARSHONSKY & KURTZ, LLP


By:   /s/ *Barry E. Mallen*
      Barry E. Mallen
Attorneys for Defendants Jefferson Starship, Inc. and Shiprats, Inc.

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Levinson Arshonsky & Kurtz LLP, 15303 Ventura Boulevard, Suite1650, Sherman Oaks, California 91403.

On October 28, 2022, I served the following documents entitled **NOTICE OF MOTION AND MOTION TO STRIKE PURSUANT TO F.R.C.P. RULE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by:

| | |
|---|---|
| Crystal Huynh-Kim<br>Derek Charles Decker<br>Krogh & Decker, LLP<br>555 Capitol Mall, Suite 700<br>Sacramento, CA  95814<br>Tel.:  (916) 498-9000<br>Fax: (916) 498-9005<br>Email:  crystalhuynhkim@kroghdecker.com<br>          derekdecker@kroghdecker.com | *Attorneys for Plaintiff, Craig Chaquico* |
| Jack Conrad-Charles<br>Praetzellis Fox Rothschild LLP<br>345 California Street, Suite 2200<br>San Francisco, CA  94104<br>Tel.:  (415) 364-5540<br>Fax: (415) 391-4436<br>Email: jpraetzellis@foxrothschild.com | *Attorneys for Defendant, Bill Graham Archives, LLC doing business as Wolfgang's Vault* |

(**X**)   **BY E-MAIL OR ELECTRONIC TRANSMISSION**:  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

(**X**)   **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2022, at Los Angeles, California.

                            /s/ *Angela Boone*
                            Angela Boone