1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG CHAQUICO,

Plaintiff,

v.

JEFFERSON STARSHIP, INC., et al.,

Defendants.

Case No. 22-cv-04907-RS

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE**

I.  INTRODUCTION

Plaintiff Craig Chaquico was a member of the band Jefferson Starship and its successor Starship between 1976 and 1991. By this action, Chaquico seeks to recover artist royalties, merchandising royalties, and other income he contends is due to him under a written termination agreement (the "1991 Termination Agreement") he executed in connection with leaving Starship. Although the complaint originally named a host of individuals and entities as defendants, Chaquico has now voluntarily dismissed all of them except Jefferson Starship, Inc. and Shiprats, Inc., the other parties to the 1991 Termination Agreement.

Jefferson Starship and Shiprats ("defendants") move to dismiss, arguing the complaint fails to state a claim. Defendants also move to strike the complaint's allegation that Chaquico is owed in excess of $20 million and averments they contend are barred by the statute of limitations. Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the hearing set for December 15, 2022, is vacated. The motions will be denied.

United States District Court
Northern District of California

## II.  BACKGROUND

As noted, the complaint originally named a large number of defendants, apparently under the theory that those individuals and entities would have knowledge and records pertinent to conducting an accounting of the amounts owed under the 1991 Termination Agreement. As those other parties have now been dismissed, the allegations regarding them are not relevant to the issues at hand, and will not be discussed further.

The germane allegations of the complaint include the following. As an "equal member" of the bands from 1976 until 1991, Chaquico signed band agreements with record companies, participated in business meetings, and paid his share of royalties towards band and corporate expenses. Chaquico wrote and/or co-wrote hit songs and "signature" guitar licks and riffs (and often other instrumental parts, melodies, and lyrics) for both bands, contributing to multiple gold, platinum, and double-platinum albums and dozens of hit singles. Chaquico often served as a band co-producer and background singer, and never missed a song, album, video, tour, or promotional opportunity during his time with the bands.

In 1991, as the last original member of Jefferson Starship, Chaquico terminated his relationship with defendants in return for his continuing equal pro-rata shares of artist royalties, merchandising royalties, and any other income, royalties, or advances payable in connection with any, album, single, or other material or project in which he participated. The 1991 Termination Agreement provided Chaquico would receive direct payment of all such royalties, both domestic and foreign, and advances and publishing royalties without being subject to fees, commissions, or any other charges.

Under section 6 of the agreement, Chaquico is entitled to an audit of defendants' books and records that relate to him. The complaint alleges the annual ability to audit records and to receive accountings was contractually guaranteed, without a statute of limitations.[1]

---

[1] The complaint does not attach a copy of the 1991 Termination Agreement. Defendants assert they are permitted to attach it to their motion and have it considered. While that likely is correct, defendants failed to attach it. Defendants do not challenge, however, the complaint's descriptions

1     The complaint asserts defendants have failed to make required payments or to provide

2  accountings. Chaquico alleges he does not know the amount that is owed to him under the

3  agreement, and that an accounting will be required to determine the exact figure. Chaquico asserts,

4  however, that more than $20 million is owed to him. The single claim for relief advanced in the

5  complaint is entitled "Accounting."

6

7                                        III. LEGAL STANDARDS

8     A complaint must contain "a short and plain statement of the claim showing that the

9  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not

10  required, a complaint must have sufficient factual allegations to state a claim that is "plausible on

11  its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544,

12  555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that

13  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

14  alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer

15  possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task

16  requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

17     A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil

18  Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation*

19  *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be

20  based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts

21  alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation

22  omitted). When evaluating such a motion, the court must accept all material allegations in the

23  complaint as true and construe them in the light most favorable to the non-moving party. *In re*

24  *Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

25     Under Rule 12(f), a court may strike from a pleading "an insufficient defense or any

26

27  of the terms of the agreement.

28

United States District Court
Northern District of California

1   redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to

2   strike is to avoid the expenditure of time and money that must arise from litigating spurious issues

3   by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d

4   880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important

5   relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright Arthur R.

6   Miller, Federal Practice and Procedure, § 1382, at 706-07 (1990). Granting or denying a motion to

7   strike lies within the discretion of the court. *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*,

8   921 F.2d 241, 244 (9th Cir. 1990).

9

10                                          IV. DISCUSSION

11          Defendants argue the complaint should be dismissed because, they insist, an "accounting"

12   is a remedy, not an independent claim for relief, and even if such a stand-alone claim is proper, the

13   complaint does not adequately plead its elements. Numerous cases have described accounting as a

14   potential remedy for, and/or derivative of, some other valid claim for relief. *See, e.g., Paparella v.*

15   *Plume Design, Inc.*, No. 22-CV-01295-WHO, 2022 WL 2915706, at *8 (N.D. Cal. July 25, 2022)

16   (finding "request for an accounting is more accurately understood as a remedy, not an independent

17   cause of action.")

18          As *Paparella* observed, however, "courts in California have gone both ways" as to whether

19   a claim for accounting is viable as an independent cause of action or if it is instead an equitable

20   remedy. *Id., citing LeGarie v. Nurse*, No. 21-cv-04739-JCS, 2021 WL 5771144, at *12 (N.D. Cal.

21   Dec. 6, 2021) (collecting authorities); *see also Civic Western Corp. v. Zila Industries,*

22   *Inc.,* 66 Cal. App. 3d 1, 14 (1977) ("An accounting cause of action is equitable in nature, and may

23   be sought 'where . . . the accounts are so complicated that an ordinary legal action demanding a

24   fixed sum is impracticable.'" (quoting 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 674, pp.

25   2300-2301.))

26          Whether or not "accounting" should or may be pleaded as a separate claim, defendants are

27   correct that there must be some underlying basis giving rise to the right. That is not a basis for

28

CASE NO. 22-cv-04907-RS

United States District Court
Northern District of California

1    dismissal of the complaint in this case, however, because Chaquico has pleaded facts sufficient to

2    support a claim for breach of contract, with a potential right to an accounting flowing from that.

3    While the complaint is not a model of pleading for a breach of contract claim, it alleges the

4    existence of the contract, material terms, and breach. Indeed, defendants expressly acknowledge

5    this, stating,"[t]his case is based upon an alleged breach of contract . . . . although Plaintiff does

6    not allege a separate cause of action for breach of contract, it can easily be inferred that that is the

7    basis for this action." Motion to Strike at 6:1-5.

8         The complaint also sufficiently alleges why the accounts are sufficiently complicated to

9    warrant an accounting.[2] Moreover, it alleges that defendants are contractually obligated to provide

10   accountings. Accordingly, whether the complaint is seen as seeking an accounting as a general

11   equitable remedy or as a request for specific performance of a contract term, it is adequately

12   grounded. It may turn out as this case progresses that there is little functional difference between

13   an "accounting" and the discovery to which Chaquico would be entitled had he cast his complaint

14   simply as one for breach of the 1991 Termination Agreement, but there is no basis to dismiss the

15   complaint based on how the claim for relief is labeled.[3]

16        The motion to strike also fails. It may be that the statute of limitations or the doctrine of

17   laches ultimately will limit Chaquico's ability to recover for any amounts that should have been

18   paid to him before some point in time. Whether and when the statute ran, or laches attached,

19   however, turns on factual questions that cannot be resolved at the pleading stage. Defendants'

20   request to strike the reference to $20 million allegedly owed is denied. See notes 2 and 3 above.

---

[2] Defendants argue the complaint is contradictory in that it alleges both that the amount owed cannot be ascertained absent an accounting and that the amount exceeds $20 million. Chaquico's effort to estimate the amount owed does not undermine his assertion that calculating the actual amount requires an accounting.

[3] Ultimately, of course, Chaquico will not be able to recover in equity if his legal remedies are adequate. No election need be made at this juncture, however.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V.  CONCLUSION

The motion to dismiss and the motion to strike are denied. Defendants shall file an answer within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: December 8, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 22-cv-04907-RS

6